WATFORD, Circuit Judge,
dissenting:
We accord ALJ decisions great deference, but a prerequisite to that deference is a sufficiently thorough explanation to enable us to understand the ALJ’s reasoning and to review it for basic soundness. Here, in concluding that Coelho did not meet the requirements for Listing 1.04(A), the ALJ stated only that “the required findings are not documented in the medical evidence,” before noting in particular the absence of evidence of motor loss and either sensory loss or reflex loss. However, Coelho cites several pages of medical records reflecting findings of motor loss and sensory loss, and at least some of those records document objective observations. The ALJ may have believed these findings were too remote in time or outweighed by other contrary evidence, as the government urges, but he was obligated to provide that analysis himself. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ’s failure to discuss the relevant evidence means we cannot be certain that he even reviewed the evidence, much less determine whether he reached a rational conclusion about it. Accordingly, I would remand the case to require the ALJ to evaluate the medical evidence cited by Coelho and provide a more thorough explanation of his reasoning. See Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.2001).